UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION

| | |
|---|---|
| RACHEAL MCDANIEL, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CAUSE NO: 4:18-CV-164-JHM ) |
| HELP AT HOME, LLC, | ) ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1. This is an action brought by Plaintiff, Racheal McDaniel ("McDaniel"), by counsel, against Defendant, Help at Home, LLC, ("Defendant"), for its discriminatory actions against her based on her disability in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et. seq. ("ADA") and the Kentucky Civil Rights Act ("KCRA"). McDaniel additionally alleges that Defendant retaliated against her employment in further violation of the ADA and KCRA. McDaniel finally alleges Defendant also discriminated against her and subjected her to less favorable terms and conditions and job assignments in her employment when compared to a similarly-situated male employee due to her gender in violation of Title VII of the 1964 Civil Rights Act ("Title VII"), 42 U.S.C. § 2000e et seq., as amended, and the KCRA.

**II. PARTIES**

2. At all times relevant to this action, McDaniel resided within the Western District of Kentucky.

3. The Defendant is a corporation that conducts business in the Western District of Kentucky.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this complaint pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 42 U.S.C. § 2000e-5(f)(3) and 42 U.S.C. § 12117.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. § 2000e(b), 42 U.S.C. § 1211(5)(A) and KRS 344.030(2).

6. McDaniel, at all times relevant, was an "employee" as that term is defined by 42 U.S.C. § 2000e(f), 42 U.S.C. § 12111(4) and KRS 344.030(5). McDaniel is a qualified individual with a disability as that term is defined by the ADA, 42 U.S.C. § 12102(2)(c). At all relevant times, Defendant had knowledge of McDaniel's disability and/or it regarded McDaniel as being disabled and/or McDaniel has a record of being disabled.

7. McDaniel exhausted her administrative remedies by timely filing a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission. McDaniel received her Notice of Suit Rights for the Charge of Discrimination and timely files this action.

8. All events pertinent to this lawsuit have occurred in the legal environs of the Western District of Kentucky, thus venue in this Court is proper.

### IV. FACTUAL ALLEGATIONS

9. McDaniel, a female, was hired by the Defendant on or about November of 2015 and held continuous employment with Defendant until her employment was terminated on or about June 6, 2017.

10. At the time her employment was terminated by Defendant, McDaniel was employed as a Direct Support Professional whose duties and responsibilities included providing in home care services to individuals requiring that type of care due to mental, physical and other disabilities.

11. McDaniel believes at all times relevant during her employment she met or exceeded the Defendant's legitimate performance expectations.

12. McDaniel suffers from a recognized disability that affects major life activities such as thinking, communicating and socializing with others as well as her overall emotional and psychological well-being.

13. On or about April 21, 2017, McDaniel was hospitalized due to issues concerning her disability and she contacted the Defendant and made the Defendant aware of her disability and hospitalization at that time.

14. McDaniel shortly thereafter provided a physician report to Defendant dated April 24, 2017 concerning her disability and recent issues which included a formal request that she be permitted off work but would be able to fully return to work on May 8, 2017.

15. McDaniel was ultimately released back to work by her physician as previously indicated on May 8, 2017, however Defendant did not permit McDaniel to return to work until May 22, 2017.

16. Upon her return from her medical leave, McDaniel was assigned to provide in home care for a female client ("threatening client") who was known to have a history of verbally threatening and physically assaulting multiple employees of Defendant in the past while they were assigned to provide her in home care.

17. Upon reporting to work to care for the threatening client, McDaniel was physically threatened and then assaulted by the resident forcing her to leave the client's residence prior the end of her scheduled shift.

18. McDaniel promptly reported the incident involving the threatening client to the Defendant on that date.

19. McDaniel continued to be assigned to care for the threatening client and when she refused due to concern for her own safety, Defendant terminated McDaniel's employment on or about June 6, 2017.

20. Prior to requesting her disability accommodation and taking her brief leave from work due to her disability, McDaniel had been regularly assigned to provide care for an elderly gentleman who had no prior history of being abusive, threatening or who was known to physically assault Defendant's employees in the past.

21. Despite her request to return to her position to care for the elderly gentelman, McDaniel was informed by Defendant she could no longer care for him as a male employee named Daniel had replaced her in her position of caregiver for that gentleman.

22. McDaniel found out that shortly after her termination date of June 6, 2017, the threatening client she was assigned to provide care for had actually physically assaulted another of Defendant's employees on June 12, 2017, and that the threatening client was actually arrested and charged with 2nd Degree Assault due to that event.

23. McDaniel believes she was replaced in her employment and her duties and responsibilities were assumed by Daniel, a similarly-situated male individual who is not known by the Defendant to suffer from a recognized disability and/or who has never requested any disability accommodation in the past from Defendant.

24. McDaniel has suffered damages and continues to suffer damages as a result of Defendant's unlawful conduct and unlawful actions taken against her employment.

## V. LEGAL ALLEGATIONS

### COUNT I: DISABILITY DISCRIMINATION

25. McDaniel hereby incorporates paragraphs one (1) through twenty-four (24) of her Complaint as if the same were set forth at length herein.

26. Defendant violated McDaniel's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. and Kentucky Civil Rights Act by discriminating against her and ultimately terminating her employment based upon her disability.

27. Defendant's actions were intentional, willful, and in reckless disregard of McDaniel's rights as protected by the ADA and KCRA.

28. McDaniel has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

### COUNT II—DISABILTY RETALIATION

29. McDaniel hereby incorporates paragraphs one (1) through twenty-eight (28) of her Complaint as if the same were set forth at length herein.

30. Defendant further violated McDaniel's rights as protected by the Americans with Disabilities Act, 42 U.S.C. § 12112 et. seq. and Kentucky Civil Rights Act by subjecting her to job assignment where her safety was placed at risk and then terminating her employment in retaliation for her request for a reasonable accommodation for a brief leave from work due to her disability.

31. Defendant's actions were intentional, willful, and in reckless disregard of McDaniel's rights as protected by the ADA and KCRA.

32. McDaniel has suffered and continues to suffer harm as a result of Defendant's unlawful actions.

## COUNT III—GENDER DISCRIMINATION

33. McDaniel hereby incorporates paragraphs one (1) through thirty-two (32) of her Complaint as if the same were set forth at length herein.

34. McDaniel was subjected to less favorable terms and conditions in her employment when compared to similarly-situated male employees of Defendant due to her gender.

35. Defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et. seq. and the Kentucky Civil Rights Act.

36. Defendant's conduct was deliberate, willful and in reckless disregard for McDaniel's civil rights as protected by Title VII and the KCRA.

37. McDaniel has suffered damages as a result of Defendant's unlawful conduct.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, by counsel, respectfully requests that this Court find for Plaintiff and order Defendant to:

1. Permanently stop from engaging in any employment policy or practice that discriminates against any employee on the basis of his/her gender and/or disability;

2. Reinstate Plaintiff to the position, salary and seniority level she would have enjoyed but for the Defendant's unlawful employment actions, or award her front pay in lieu thereof;

3. Pay Plaintiff's lost wages and benefits;

4. Pay to Plaintiff compensatory, consequential and punitive damages;

5. Pay to Plaintiff pre- and post-judgment interest;

6. Pay Plaintiff's costs and attorney fees incurred in litigating this action; and,

7. Provide any further equitable relief this Court sees fit to grant.

Respectfully submitted,

/s/Andrew Dutkanych III
Andrew Dutkanych III, (#91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Racheal McDaniel*

## DEMAND FOR JURY TRIAL

The Plaintiff, Racheal McDaniel, by counsel, respectfully requests a jury trial as to all issues deemed so triable.

Respectfully submitted,

/s/Andrew Dutkanych III
Andrew Dutkanych III, (#91190)
BIESECKER DUTKANYCH & MACER, LLC
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

*Attorneys for Plaintiff, Racheal McDaniel*